UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TYSON WAYNE CUMMINS, | § | |
| *Plaintiff,* | § | |
| vs. | § | NO. 4:17-CV-1309 |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | § § § § | |
| *Defendant.* | § | |

## MEMORANDUM AND ORDER
## ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

Pending before the Court is Plaintiff's motion for attorney's fees. Pl.'s Mot., ECF No. 17.[1] The Commissioner of the Social Security Administration's ("the Commissioner") did not file a response and Plaintiff represents that she does not oppose the motion. *Id.* at 6.[2] Based on the briefing, the evidence and the applicable law, the Court determines that Plaintiff's motion should be granted as modified below.

### I. PROCEDURAL OVERVIEW

On December 20, 2018, Plaintiff filed a motion for summary judgment, requesting judicial review of the Commissioner's decision denying his application

---

[1] On August 1, 2018, the parties consented to have this case before the United States Magistrate Judge. Consent, ECF No. 7.

[2] Under Local Rule 7.4, this Court may consider Defendant's lack of response to be a representation of no opposition.

1

for disability insurance benefits. Pl.'s Mot., ECF No. 13. On January 25, 2019, the Commissioner filed a cross motion, seeking judgment in her favor. Def.'s Mot., ECF No. 14. On March 28, 2019, this Court entered a Memorandum & Order, granting Plaintiff's motion and remanding this case to the Administrative Law Judge ("ALJ"). M&O, ECF No. 15. On the same date, this Court entered a Final Judgment. Final Judg't, ECF No. 16.

Plaintiff filed the current motion under the Equal Access to Justice Act ("EAJA"), 28 U.S.C § 241, seeking an award of his attorney's fees. Pl.'s Mot., ECF No. 17 at 2-3. Plaintiff submitted an itemized statement in support. ECF No. 17-1.

## II. ATTORNEY'S FEES UNDER THE EAJA

The EAJA permits the recovery of attorney's fees in proceedings for judicial review of an agency's action. 28 U.S.C. § 2412(d)(1)(A). The purpose is to "ensure adequate representation of those who need it and to minimize the cost of this representation to taxpayers." *Day v. Comm'r,* No. 6:16-CV-210, 2017 WL 4922048, at *1 (E.D. Tex. Oct. 31, 2017); *see Murkeldove v. Astrue, et al.*, 635 F.3d 784, 793 (5th Cir. 2011) (purpose is to eliminate the financial disincentive for an average person to challenge unreasonable government actions). Under the EAJA, a party is entitled to recover attorney's fees from the United States when, at a minimum, the following four elements are met: (1) he is a prevailing party; (2) he timely files a fee

application supported by an itemized statement; (3) the court finds the position of the government, in the administrative proceedings as well as before the Court, was not substantially justified; and (4) no special circumstances make an award unjust. *Perales v. Casillas*, 950 F.2d 1066, 1072 (5th Cir. 1992); *Mesecher v. Berryhill*, No. 4:15-CV-0859, 2017 WL 4417682, at *1 (N.D. Tex. Oct. 3, 2017); *Benoit v. Astrue,* No. H-07-2939, 2008 WL 3928026, at *1 (S.D. Tex. Aug. 27, 2008).

### III.  PLAINTIFF SATISFIES THE EAJA REQUIREMENTS

After careful review of the evidence and law, the Court finds that the Plaintiff has met the four requirements for an award of attorney's fees under the EAJA.

Plaintiff secured a remand under sentence four of 42 U.S.C. § 405(g). When the district court remands a social security action under sentence four of § 405(g),[3] the claimant is a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 299-301 (1993); *Day*, 2017 WL 4922048, at *1. Thus, Plaintiff satisfied the first element.

Plaintiff timely filed his motion for attorney's fees. The party seeking fees is required to submit an application to the court "within thirty days of final judgment in the action…." 28 U.S.C. § 2412(d)(1)(B). "The district court's judgment becomes final when it can no longer be appealed." *Murkeldove*, 635 F.3d at 792.

> Rule 4(a) of the Federal Rules of Appellate Procedure establishes that, in a civil case to which a federal officer is a party, the time for appeal

---

[3] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

does not end until 60 days after "entry of judgment," and that a judgment is considered entered for purposes of the rule only if it has been 'entered in compliance with Rul[e] 58 … of the Federal Rules of Civil Procedure.

*Shalala*, 509 U.S. at 303 (citations omitted). Rule 58 requires the district court to issue its judgment in a separate document. *Id.*

In this case, the Court issued a final judgment on March 28, 2019; and it became final sixty days later on May 27, 2019. Final Judg't, ECF No. 13. Plaintiff had thirty days from May 27, 2019 to file his motion for attorney's fees. Because Plaintiff filed his motion for attorney's fees on April 16, 2019, his motion is timely. ECF No. 17.

The Commissioner has the burden of proof to show that his position was substantially justified but has not done so. *Day*, 2017 WL 4922048, at *1. A substantially justified determination focuses on the government's action giving rise to the litigation at the administrative level as well as the government's litigation position. *Perales*, 950 F.2d at 1072. This Court determined that the ALJ denied Plaintiff the right to non-attorney representation and did not fully develop the record. M&O, ECF No. 15 at 6-13. Therefore, the Commissioner's position was not substantially justified.

Likewise, the Commissioner has not alleged or shown any special circumstances that would render an award unjust. *Day*, 2017 WL 4922048, at *1. The special circumstances provision ensures that the government is not deterred

from advancing in good faith novel but credible extensions and interpretations of the law and gives the courts discretion to deny awards where equitable considerations dictate the award should not be made. *Murkeldove*, 635 F.3d at 794. After examining the totality of the circumstances to determine whether awarding Plaintiff's fees would be unjust, the Court does not find any special circumstances in this case. *See id.*

Therefore, the Court finds that Plaintiff is entitled to an award of attorney's fees.

## IV. CALCULATION OF THE FEES

The EAJA dictates that attorney's fees not be awarded in excess of $125.00 per hour, unless the court determines that an increase in the cost of living or a special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A)(ii). The Court has wide discretion in calculating any increase in the hourly rate. *Mesecher*, 2017 WL 4417682, at *1; *Chargois v. Barnhart*, 454 F. Supp. 2d 631, 634 (E.D. Tex. 2006). Plaintiff seeks an hourly fee of $190.62, which is higher than the statutory cap. Pl.'s Mot. at 3, ECF No. 17. Plaintiff has submitted an itemized statement for 38[4] attorney hours.

---

[4] Plaintiff's brief states 40.1 hours. He submitted an itemization for 38.75 hours. However, adding the hours for each entry totals 38 hours.

Courts must determine whether the fee is reasonable, requiring an examination of the number of hours worked and the rate sought. *Mesecher*, 2017 WL 4417682, at *2. Typically, in cases of this kind, fee applications range from twenty to forty hours. *Id.* Plaintiff bears the burden of documenting the appropriate hours expended and hourly rates. *Id.* Having reviewed the record in the case, the Court finds that the number of hours sought is reasonable and supported. Furthermore, Defendant has not asserted any disagreement with an award for the hours submitted.

With regard to the rate, courts routinely use a cost-of-living adjustment based on the Consumer Price Index ("CPI") report compiled by the United States Bureau of Labor Statistics. *E.g.*, *Day*, 2017 WL 4922048, at *2; *Chargois*, 454 F. Supp. 2d at 634 (collecting cases). Based on the region where services were performed, the court will use as a base rate the average annual CPI for the year the last time the rate changed, and then compare it to the average annual CPI for when the attorney provided the legal services. *Chargois*, 454 F. Supp. 2d at 634; *accord Perales*, 950 F.2d at 1079 (instructing the court on remand to "segregate the attorneys' hours by year and apply the appropriate cost-of-living adjustment on an annual basis"). If the CPI increased from the time the rate changed to the time services were performed, "the court calculates the percentage difference and approves an excess hourly fee corresponding to the calculated percentage increase." *Chargois*, 454 F. Supp. 2d at 634.

Here, Plaintiff's counsel practices in Houston. He is claiming fees for work performed between 2017 and 2019. The CPI last changed in 1996 ($75 to $125 per hour). In 1996, the annual average CPI for Houston-The Woodlands-Sugar Land, Texas was 142.7.[5]

The hourly rates for the relevant years are as follows:

- For 2017: the CPI for Houston-The Woodlands-Sugar Land, Texas was 220.657. The percentage difference between 1996 and 2017 is 154.63% (220.657/142.7). Therefore, the hourly rate for 2017 is $193.29/hour (154.63% x $125/hour).

- For 2018, the CPI for Houston-The Woodlands-Sugar Land, Texas is 225.927. The percentage difference between 1996 and 2018 is 158.32% (225.927/142.7). Therefore, the hourly rate for 2018 is $197.90/hour (158.32% x $125/hour).

- For 2019, there is no annual data available. Consequently, the Court will use the CPI for Houston-The Woodlands-Sugar Land, Texas for the month of February, the only data available, which is 226.804. The percentage difference between 1996 and 2019 is 158.94%

---

[5] The Court obtained all CPI numbers used to calculate Plaintiff's attorney's fees from this chart. *See* Consumer Price Index, All Urban Consumers (CPI-U), Houston-The Woodlands-Sugar Land, Tx, All Items, https://www.bls.gov/regions/southwest/data/consumerpriceindexhistorical_houston1982-84_table.pdf (last visited May 1, 2019 5:00 p.m.).

(226.804/142.7). Therefore, the hourly rate for 2019 is $198.67/hour (158.94% x. $125/hour).

In 2017, Plaintiff's attorney worked 11.8 hours. At $193.29/hour, his fee is $2,280.82. In 2018, Plaintiff's attorney worked 22.35 hours. At $197.90/hour, his fee is $4,423.07. In 2019, Plaintiff's attorney worked 3.85 hours. At $198.67/hour, his fee is $764.88. The sum of the 2017, 2018, and 2019 fees is $7,468.77.[6] The Court finds that a fee of $7,468.77 is reasonable for the 38 hours worked. *See Mesecher,* 2017 WL 4417682, at *2; *Day,* 2017 WL 4922048, at *2.

## V. CONCLUSION

Finding it meritorious, Plaintiff's motion for attorney's fees is **GRANTED.** Defendant is **ORDERED** to pay Plaintiff the sum of $7,468.77. The check should be made payable to Plaintiff and mailed to Plaintiff's attorney, James Foster Andrews, 709 Studewood, Houston, Texas 77007.

Signed on May 7, 2019, Houston, Texas.

_____
Dena Hanovice Palermo
United States Magistrate Judge

---

[6] Plaintiff's attorney came to a slightly lower calculation of his fees, $7,386.53, with a slightly higher number of hours, 40.1, using a different CPI rate. The Court is not sure how he arrived at his calculation. Because the totals do not vary significantly, and to promote uniformity in the division, the Court uses the rates as noted above. *See Mesecher,* 2017 WL 4417682, at *2.