Case 4:17-cv-01309   Document 23   Filed on 05/06/24 in TXSD   Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
May 06, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TYSON C.,[1] | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 4:17-CV-1309 |
| | § | |
| MARTIN O'MALLEY,[2] ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMISNATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b),[3] seeking payment of $34,664.93. ECF No. 19. Defendant, the Acting Commissioner of the Social Security Administration, filed a response to the motion taking no position on the reasonableness of the requested award. ECF No. 21. Based on a review of the law and the evidence, the Court finds the requested fee is reasonable and therefore Plaintiff's motion for attorney fees, ECF No. 19, is granted.

---

[1] The Court uses only Plaintiff's first name and last initial. *See* "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions," Committee on Court Administration and Case Management of the Judicial Conference of the United States (May 1, 2018).

[2] The Court substitutes in the name of the current Commissioner as Defendant pursuant to Federal Rule of Civil Procedure 25(d).

[3] On August 1, 2018, based on the parties' consent, the case was transferred to this Court to conduct all proceedings pursuant to 28 U.S.C. § 636(c). Order, ECF No. 7.

I.      **BACKGROUND**

Plaintiff filed an application for social security disability insurance benefits. ECF No. 15 at 2. After his claims were denied initially and upon reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). *Id.* Based on the ALJ's residual functional capacity ("RFC") finding, Plaintiff's age, education, and work experience, the ALJ found that Plaintiff could perform jobs that existed in significant numbers in the national economy. *Id.* at n.1. Arguing that the ALJ violated Plaintiff's right to non-attorney representation and improperly conducted the Step Three analysis, Plaintiff appealed, seeking judicial review of the Commissioner's denial of his claims for benefits. Compl., ECF No. 1. Based on a review of the record and evidence on cross-motions for summary judgment, the Court entered an order and final judgment in Plaintiff's favor, reversing the ALJ's decision, and remanding the case to the ALJ for further proceedings. Order, ECF No. 15; Final Judgment, ECF No. 16. Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), Plaintiff's counsel sought, and the Court awarded him, $7,468.77 in attorney fees. Order, ECF No. 18.

On remand, the Social Security Administration found Plaintiff to be disabled. ECF No. 22-6 at 7. The total amount of past due benefits is $167,459.72, of which 25% or $41,864.93 was withheld for the purposes of awarding the representative's

fees. ECF No. 19-3 at 5. The initial fee of $7,200[4] has already been subtracted from the $41,864.93. Pursuant to 42 U.S.C. § 406(b), Plaintiff's counsel now seeks a court order awarding attorney's fees in the amount of $34,664.93, the amount remaining in the 25% withheld. ECF No. 19 at 2–3. If awarded this sum, Plaintiff's counsel agrees to refund the previously awarded EAJA fee of $7,386.53 directly to Plaintiff as required under § 406(b). *Id.* at 3.

## II.     LEGAL STANDARD

Sections 406(a) and (b) "provide for the discretionary award of attorney fees out of the past-due benefits recovered by a successful claimant in a Social Security action." *Murkeldove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011) (citing 42 U.S.C. § 406(a)-(b)). Section 406(a) governs fees for representation at the administration level. *See* 42 U.S.C. § 406(a); *Jeter v. Astrue*, 622 F.3d 371, 374 n.2 (5th Cir. 2010). Section 406(a) "includes two ways to determine fees for representation before the agency, depending on whether a prior fee agreement exists." *Culbertson v. Berryhill*, 586 U.S. 53, 56 (2019). If, like here, the claimant has a fee agreement, subsection (a)(2) caps fees at the lesser of 25% of past-due benefits or a set dollar amount—currently $7,200. 42 U.S.C. § 406(a)(2)(A); *Maximum Dollar Limit in the Fee Agreement Process*, 87 Fed. Reg. 39157, 2022 WL 2341512 (June 30, 2022).

---

[4] This amount consists of $7,083 as Plaintiff's counsel's fee for proceedings before the ALJ and a $417 administrative fee.

Section 406(b) governs the award of attorney fees for representing claimants in court and limits the attorney fee award to not more than 25% of the total past due benefits to which the claimant is entitled, exclusive of any fees awarded for representation at the administrative level under § 406(a). *Culbertson*, 586 U.S. at 60; *Calaforra v. Berryhill*, No. 4:15-CV-02298, 2017 WL 4551350, at *2 (S.D. Tex. Oct. 12, 2017). In other words, the 25% cap on fees under § 406(b)(1)(A) is not cumulative, so any award for court representation under § 406(b) is not reduced by an award for representation before the agency under § 406(a). *Culbertson*, 586 U.S. at 60. Furthermore, the statute allows for withholding of the past-due benefits to pay these fees directly to the attorney. *Id.* at 56.

Section 406(b) applies when, as here, the claimant obtains a favorable decision on remand after the court had vacated the Commissioner's previous decision denying benefits. *Id.* at 531. Despite *Culbertson*'s holding that the § 402(b) 25% award is not reduced by the § 406(a) award, Plaintiff's counsel seeks compensation for his representation at *both* the administrative level under § 406(a) *and* court level under § 406(b) to equal no more than 25% of Plaintiff's total past due benefits when combined. ECF No. 19-7. This is because Plaintiff and counsel agreed that counsel was "entitled to 25% of the back due benefits amounting to $41,864.93; $7,200 [in administrative fees] of this sum will soon be paid, resulting in a net sum of $34,667.93, subject to the Court's approval." ECF No. 19-7.

Even when the requested fee is within the 25% statutory ceiling, as here due to the agreement between Plaintiff and his counsel, ECF No. 19-7, "§ 406(b) requires the court to review the 'arrangement as an independent check, to assure that [it] yields reasonable results' in the case." *Calaforra*, 2017 WL 4551350, at *3 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). The court performs an independent check to ensure that the fee is not a windfall to the attorney. *Jeter*, 622 F.3d at 380-82. "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is in order to disallow windfalls for lawyers." *Id.* at 379. The court has wide discretion in approving or discounting the amount of attorney fees. *Id.* at 376.

Sections 406(a) and 406(b) are not the only sources of compensation available to an attorney. "Under the EAJA, a party who prevails against the United States, including a successful Social Security benefits claimant, may be awarded fees if the government's position in the litigation was not 'substantially justified.'" *Calaforra*, 2017 WL 4551350, at *2 (quoting 28 U.S.C. § 2412(d)(1)(A)). "Attorneys who successfully represent social-security-benefits claimants in court may receive fees under both the EAJA and § 406(b), but must refund to the claimant the amount of the smaller fee." *Jackson*, 705 F.3d at 529 n.2 (cleaned up). As part of his agreement with Plaintiff, counsel "will reimburse [Plaintiff] the sum of $7,386.53 as [EAJA] fees that was paid to [counsel] in 2019." ECF No. 19-7.

5

### III. COUNSEL'S MOTION FOR ATTORNEY FEES IS REASONABLE AND TIMELY.

As noted above, the Court must decide whether counsel's request for a fee award under § 406(b) is reasonable and timely.

#### A. The Motion for Attorney Fees Is Reasonable.

The burden is on the attorney to show that the fee is reasonable. *See Calaforra*, 2017 WL 4551350, at *3-4. The court may use a variety of non-exhaustive factors in performing the reasonableness check, including the existence of a contingency fee agreement, the risk of loss the attorney takes on, the experience and quality of the attorney, whether the attorney caused any unnecessary delay, and the resulting hourly rate. *Id.* at *4; *accord Jeter*, 622 F.3d at 382. No one factor is dispositive, and the court may not exclusively rely on the resulting hourly rate in determining the reasonableness of the fee. *Jeter*, 622 F.3d at 377 (approving use of lodestar method in conjunction with additional factors to determine whether award is a windfall).

Analyzing these factors, the Court finds that a fee of $34,664.93 is reasonable in this case as follows:

##### 1. *The contingency fee is reasonable.*

On August 29, 2023, Plaintiff signed a contingency fee agreement setting counsel's compensation at the lesser of: up to 25% of any recovery of past-due benefits or $7,200. ECF No. 19-6. On March 21, 2024, Plaintiff signed a modification of the contingency fee agreement, agreeing to compensate his counsel

6

with "25% of the of the back due benefits amounting to $41,864.93; $7,200 of this sum will soon be paid, resulting in a net sum of $34,667.93, subject to the Court's approval." ECF No. 19-7.[5] This fee is within the statutory range. 42 U.S.C. § 406(b)(1)(A). In this case, Plaintiff's counsel asks the Court for the net sum of $34,667.93, which when combined with the $7,200 paid for his administrative representation, will total 25% of Plaintiff's past-due benefits.

Courts have recognized that in contingency representation, attorneys should receive "full compensatory fees" when the client receives "excellent results." *Hensely v. Eckerhart*, 461 U.S. 424, 435 (1983) (recognizing that lawyers who take on contingency cases should receive more when successful because of the intrinsic risk). In social security appeals for disability benefits, "courts have recognized that

---

[5] Another court has interpreted nearly identical documents as those prepared by Plaintiff's counsel in the instant case. *See Williams v. Kijakazi*, No. CV H-17-1061, 2022 WL 1003899, at *3–4 (S.D. Tex. Apr. 4, 2022). In *Williams*, the Court interpreted a contingency fee agreement stating "[i]n the event of a favorable determination before the Social Security Administration at any stage, the fee shall be the LESSER of: 1. Twenty-five (25%) of the past-due benefits of the client and his/her family; or 2. Six Thousand and 00/100 Dollars ($6,000.00)," to mean that the maximum amount that counsel could receive pursuant to the agreement, *without modification*, was $6,000 because 25% of past-due benefits was a much higher amount. *Id.* at 3. The Court then analyzed a subsequent document stating, "I agree that my attorney, James F. Andrews, is entitled to 25% of the back due benefits amounting to $28,506. I also understand that Mr. Andrews will reimburse me the sum of $8,027.50 as Equal Access to Justice Act Fees that was paid to Mr. Andrews in 2018. That reimbursement will occur upon Mr. Andrews' receipt of the sum of $28,506." *Id.* at 4. The Court found that the document satisfied Texas law's modification requirements, finding that "[t]here appears to be a meeting of the minds with regard to how much money Andrews now seeks, which is clearly set forth in the agreement, and the return of the fees already paid is, though a small amount in comparison, consideration," and stating that "[n]o party has argued that the agreements in this case do not allow Andrews to receive 25 percent, including the Commissioner which noted that it acts as a trustee for Williams." *Id.* Because the same operative facts are before the Court here, it also treats this second document as a modification of the original contingency fee agreement. *See id.*

7

there is a substantial risk of loss." *Dickerson v. Saul*, No. 4:18-CV-04578, 2021 WL 2156762, at *3 (S.D. Tex. May 27, 2021) (citations omitted). On average only thirty-five percent of claimants who appealed their case to federal court received benefits *Id.* (citation omitted).

In this case, counsel undertook a risk because he represented Plaintiff without any guaranteed payment. Counsel filed a motion for summary judgment, and the Court remanded the case. At the administrative level on remand, Plaintiff was awarded social security benefits, including past-due benefits. Since only thirty-five percent of cases appealed to federal courts receive benefits, this result is excellent. *Id.* There is also no evidence that Plaintiff's counsel caused any unnecessary delay in the proceedings at the district court level. *Calaforra*, 2017 WL 4551350, at *4 (citing absence of delay in approving fee).

### 2. *The number of hours is reasonable.*

Plaintiff's counsel spent 38 hours on Plaintiff's case. ECF No. 19-4 at 4.[6] The typical number of hours spent on a social security disability claim is between 30 and 40 hours. *Dickerson*, 2021 WL 2156762, at *3 (citing *Mesecher v. Berryhill*, No. 4:15-CV-0859, 2017 WL 4417682, at * 1 (N.D. Tex. Oct. 3, 2017) (noting that a typical attorney in a social security case claims "between thirty and forty hours for

---

[6] Plaintiff's counsel submitted an itemization for 38.75 hours. However, adding the hours for each entry totals 38 hours. ECF No. 19-4.

8

attorney work.")). Under § 406(b), a plaintiff's attorney may receive fees for work performed in court, but not for work performed in administrative proceedings. *Gisbrecht*, 535 U.S. at 794. Counsel accrued the hours sought at the court level. ECF No. 19-4. Moreover, the Court has already found the number of hours reasonable. Order, ECF No. 18 at 4.

### 3. *The effective hourly rate is reasonable.*

In his response, the Commissioner recognized that he "has no direct financial stake in the outcome of this case," and during fee determination only plays the role of "trustee for the claimants." ECF No. 21 at 1–2. Without commenting on the reasonableness of Plaintiff's request, the Commissioner notes that the Social Security Administration "usually considers that a fee is not a windfall when it is no more than twice the reasonable non-contingency hourly rate." *Id*. at 2–3.

Here, the requested rate is significantly more than the non-contingency hourly rate. If awarded the requested amount, the *de facto* hourly rate for counsel's work is $912.24 per hour ($34,664.93/38 hours). The statutory baseline EAJA hourly rates is $125 per hour. *See* 28 U.S.C. § 2412(d)(2)(A)(ii). Adjusted for cost-of-living increases, the Court awarded counsel a fee based on a rate just under $200 per hour. Order, ECF No. 18 at 7–8.

Nonetheless, because of the inherent risk in social security cases, the Fifth Circuit has recognized that in § 406(b) cases, "an excessively high hourly rate alone

does not render an otherwise reasonable fee unreasonable." *Dickerson v. Saul*, No. 4:18-CV-04578, 2021 WL 2156762, at *4 (S.D. Tex. May 27, 2021) (quoting *Jeter,* 622 F.3d at 3820); *see also Kirkpatrick v. Berryhill*, No. 3:16-CV-00337, 2019 WL 2931661, at *3 (S.D. Tex. June 20, 2019), *adopted sub nom. Kirkpatrick v. Saul*, No. 3:16-CV-00337, 2019 WL 2913837 (S.D. Tex. July 8, 2019) (approving $937.50 hourly rate); *Wilson v. Berryhill*, No. 3:13-CV-1304, 2017 WL 1968809, at *2 (N.D. Tex. Apr. 7, 2017), *adopted*, 2017 WL 1956242 (N.D. Tex. May 11, 2017) (finding reasonable $937.50 hourly rate); *Sabourin v. Colvin*, No. 3:11-CV-2109, 2014 WL 3949506 (N.D. Tex. Aug. 12, 2013) ("$1,245.55 per hour" was not an unreasonable request).

Furthermore, counsel asks for less than he is entitled to under the *Culbertson* holding. As stated above, the Supreme Court has explained that the 25% cap on fees need not be reduced by an award for representation before the ALJ. 139 S. Ct. at 522. Had counsel not agreed that his combined administrative and court representation fees would not exceed 25% of Plaintiff's back due benefits, he would be entitled to seek $41,864.93—25% of Plaintiff's back due benefits—as his court representation fees. That amount would have resulted in an hourly rate of $1,101.71. The Court finds that counsel's request for a lower hourly rate than what he is entitled to under *Culbertson* leans toward demonstrating the rate's reasonableness.

The Court finds that, based on counsel's success at the district court level and

10

similar awards in other cases, the *de facto* hourly rate is reasonable.

### B. The Fees Application Is Timely.

Any request for fees under § 406(b) must be timely. *Calaforra*, 2017 WL 4551350, at *4 (citing *Pierce v. Barnhart*, 440 F.3d 657, 663-64 (5th Cir. 2006)). In *Pierce*, the Fifth Circuit reasoned that Federal Rule of Civil Procedure 54(d) sets the default deadline for attorney fees motions at no later than 14 days after entry of judgment. *Id.* But recognizing it was unlikely a claimant would resolve a social security claim in that time, the court held that the deadline could be extended. *Id.* Other courts have concluded that the motion should be filed within a reasonable time after receiving notice of the award. *See id.* (collecting cases).

Here, Plaintiff's notice of award is dated January 21, 2024, and counsel filed the instant motion on March 21, 2024, within two months of the notice. *See* ECF Nos. 19, 19-3. Thus, the Court finds that the motion is timely.

In sum, considering these factors, the Court finds that an award of $34,664.93 is reasonable, as it is a direct result of counsel's advocacy, which returned a highly favorable result for Plaintiff. The motion is timely, and it should be granted.

### IV. CONCLUSION

Therefore, the Court **ORDERS** as follows:

1. Plaintiff's motion for attorney fees, ECF No. 19, is **GRANTED**;

2. Defendant is **ORDERED** to award Plaintiff's counsel, the Law Office of James F. Andrews, $34,664.93 in attorney fees withheld from

11

Plaintiff's past-due benefits; and

3. Plaintiff's counsel is **ORDERED** to refund the EAJA award in the amount of $7,386.53 directly to Plaintiff.

**IT IS SO ORDERED.**

Signed on May 6, 2024, at Houston, Texas.

*Dena Palermo*

**Dena Hanovice Palermo**
**United States Magistrate Judge**